UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **DEMETRIUS D. THOMPSON,** | ) | CASE NO. 1:25CV1763 |
| | ) | |
| Petitioner, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | **OPINION AND ORDER** |
| | ) | |
| Respondent. | ) | |

**CHRISTOPHER A. BOYKO, J:**

*Pro se* petitioner Demetrius D. Thompson, an inmate currently in custody at FCI Coleman Medium, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1). Petitioner challenges his sentence in this District Court in *United States v. Thompon*, No. 1:19 CR 00618 (N.D. Ohio Oct. 17, 2019). Specifically, Petitioner seeks a recalculation of his federal sentence, claiming that the Court enhanced Petitioner's sentence using "relevant conduct" of which he was not convicted and therefore the "two-point increase to his offense level must be removed." (Doc. No. 1-1 at 5).

Federal district courts must conduct an initial review of habeas corpus petitions. *See* 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A court must deny a petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in the district court. Rule 4 of the Rules Governing § 2254 Cases (applicable to § 2241 petitions pursuant to Rule 1(b)).

A federal prisoner must challenge the legality of his conviction or sentence by filing with

the trial court a motion to vacate his or her conviction under 28 U.S.C. § 2255. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998). A habeas corpus petition under Section 2241 is appropriate for claims challenging "'the execution or manner in which the sentence is served'-- those things occurring within prison." *Taylor v. Owens*, 990 F.3d 493, 495-96 (6th Cir. 2021) (quoting *Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999) (per curiam)). The remedy afforded under Section 2241 is not an additional, alternative, or supplemental remedy to that prescribed under Section 2255. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).

Here, Petitioner is clearly attacking the legality of his sentence. He therefore cannot proceed with a Section 2241 habeas petition.

Accordingly, the Court DENIES the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and DISMISSES the action pursuant to 28 U.S.C. § 2243. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith

    **IT IS SO ORDERED.**

                                              s/Christopher A. Boyko
                                              **CHRISTOPHER A. BOYKO**
                                              **United States District Judge**

**Dated:** September 18, 2025